# PETRILLO KLEIN & BOXER LLP

**MEMO ENDORSED**

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Nelson A. Boxer
Direct Dial: (212) 370-0338
Cell: (917) 273-2693
nboxer@pkbllp.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-11-2020

February 4, 2020

**By Hand Delivery**

The Hon. Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *United States v. Alan Kaufman, et al.*, 19 Cr. 504 (LAK)

Dear Judge Kaplan:

On behalf of our client, Alan Kaufman, we write with regard to our previously filed Motion for Pre-Trial Return of Subpoena *Duces Tecum* (Dkt. 56).

As directed by the Court at oral argument on January 28, 2019, we have conferred with the government to further narrow the scope of our proposed subpoena to Merrill I. Rosen, CPA and Associates. The government has indicated that it has no objection to the issuance of the attached subpoena.

Given the time that has passed in resolving this issue, we have revised the return date of the proposed subpoena to March 4, 2020.

Accordingly, we respectfully request that the Court issue an Order directing the Clerk of the Court to issue the subpoena *duces tecum* attached hereto as Exhibit A, bearing a return date in advance of trial.

Respectfully submitted,

Nelson A. Boxer
Mirah Curzer

Granted on consent.
SO ORDERED

LEWIS A. KAPLAN, USDJ
2/11/2020

cc (by email): Dina McLeod
Katherine Reilly
*Assistant United States Attorneys*

# Exhibit A

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 1:19-cr-0504-LAK |
| Kaufman, et al. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE**

To: Merrill I. Rosen, CPA & Associates
150 Great Neck Road, Suite 406, Great Neck, NY 11021

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachment A

| Place: Petrillo Klein & Boxer LLP<br>655 Third Avenue, 22nd Floor<br>New York, NY 10017 | Date and Time: 03/04/2020 5:00 pm |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Alan Kaufman , who requests this subpoena, are:

Nelson A. Boxer, Petrillo Klein & Boxer LLP, 655 Third Avenue, 22nd Floor, New York, NY 10017, nboxer@pkbllp.com, 212-370-0338

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.  1:19-cr-0504-LAK

# PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)**

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## ATTACHMENT A

## I. DEFINITIONS

1. "Merrill Rosen" means Merrill I. Rosen, CPA and Associates, and/or its affiliated, subsidiary or parent entities and/or any of their employees, agents, representatives, attorneys, consultants, or other persons acting on its or their behalf.

2. "MCU" means Melrose Credit Union, and/or its affiliated, subsidiary or parent entities and/or any of their employees, agents, representatives, attorneys, consultants, or other persons acting on its or their behalf.

3. "Documents" means any written, printed, recorded (including voicemails), computerized, or graphic material, including all data in electronic form or accessible through computer or other information retrieval systems, including but not limited to electronic mail and data, in your possession, custody, or control.

4. "Work Papers" means documentation of auditing or review procedures applied (including any reports, memoranda, schedules, or worksheets), evidence obtained, and conclusions reached by Merrill Rosen in connection with audits, reviews, bookkeeping, preparation of financial statements (including setting reserves), preparation of regulatory filings, and preparation for/of tax returns.

5. "Interview memoranda" means any memoranda or notes of interviews conducted by the Federal Bureau of Investigation or any lawyer or investigator from the United States Attorney's Office for the Southern District of New York.

## II. DOCUMENTS TO BE PRODUCED

1. Work papers (excluding interview memoranda) relating to Melrose Credit Union ("MCU") and its affiliates and subsidiaries, from January 1, 2010, through June 30, 2016, insofar as they concern or relate to:

    a. 175 High Pond Drive, Jericho, NY 11753;

    b. Loan or refinancing transactions between MCU and Queens Medallion Leasing or any of the entities listed in Table 1;

    c. MCU's naming rights (as reflected in an agreement dated October 14, 2011) in the entertainment venue located in Astoria, Queens, referred to as the Melrose Ballroom;

    d. MCU's advertising and promotional spending with CBS Radio, the New York Jets, and Madison Square Garden; or

    e. Participation by Alan Kaufman or other MCU officers, directors, or employees in travel or entertainment sponsored, paid, or arranged by any MCU vendor, including CBS Radio, the New York Jets, and Madison Square Garden.

2. Documents created by or provided to Merrill Rosen in relation to any meetings between Merrill Rosen and the MCU Board of Directors, the MCU Supervisory Committee, or any sub-committees of the MCU Board of Directors or Supervisory Committee, from January 1, 2010, through December 31, 2016, insofar as they concern or relate to:

    a. 175 High Pond Drive, Jericho, NY 11753;

    b. Loan or refinancing transactions between MCU and Queens Medallion Leasing or any of the entities listed in Table 1;

    c. Loans with 50-year amortizations to entities other than Queens Medallion Leasing and other than any of the entities listed in Table 1;

    d. MCU's naming rights (as reflected in an agreement dated October 14, 2011) in the entertainment venue located in Astoria, Queens, referred to as the Melrose Ballroom, and any other naming rights agreements presented to or contemplated by MCU, whether realized or not;

    e. MCU's advertising and promotional spending with CBS Radio, the New York Jets, and Madison Square Garden; or

    f. Participation by Alan Kaufman or other MCU officers, directors, or employees in travel or entertainment sponsored by, paid for, or arranged by any MCU vendor, including CBS Radio, the New York Jets, and Madison Square Garden.

3. Documents created by or provided to Merrill Rosen in relation to any meetings concerning MCU between Merrill Rosen and the New York State Department of Financial Services, insofar as they concern or relate to:

    a. 175 High Pond Drive, Jericho, NY 11753, from January 1, 2010, through June 30, 2013;

    b. Loan or refinancing transactions between MCU and Queens Medallion Leasing or any of the entities listed in Table 1, from January 1, 2010, through December 31, 2015;

    c. Loans with 50-year amortizations to entities other than Queens Medallion Leasing and other than any of the entities listed in Table 1, from January 1, 2010, through December 31, 2015;

    d. MCU's naming rights (as reflected in an agreement dated October 14, 2011) in the entertainment venue located in Astoria, Queens, referred to as the Melrose Ballroom, and any other naming rights agreements presented to or contemplated

      by MCU, whether realized or not, from January 1, 2010, through December 31, 2015;

   e. MCU's advertising and promotional spending with CBS Radio, the New York Jets, and Madison Square Garden, from January 1, 2010, through December 31, 2015; or

   f. Participation by Alan Kaufman or other MCU officers, directors, or employees in travel or entertainment sponsored by, paid for, or arranged by any MCU vendor, including CBS Radio, the New York Jets, and Madison Square Garden, from January 1, 2010, through December 31, 2015.

4. Documents created by or provided to Merrill Rosen in relation to any meetings concerning MCU between Merrill Rosen and the National Credit Union Administration, insofar as they concern or relate to:

   a. 175 High Pond Drive, Jericho, NY 11753, from January 1, 2010, through June 30, 2013;

   b. Loan or refinancing transactions between MCU and Queens Medallion Leasing or any of the entities listed in Table 1, from January 1, 2010, through December 31, 2015;

   c. Loans with 50-year amortizations to entities other than Queens Medallion Leasing and other than any of the entities listed in Table 1, from January 1, 2010, through December 31, 2015;

   d. MCU's naming rights (as reflected in an agreement dated October 14, 2011) in the entertainment venue located in Astoria, Queens, referred to as the Melrose Ballroom, and any other naming rights agreements presented to or contemplated

    by MCU, whether realized or not, from January 1, 2010, through December 31, 2015;

e. MCU's advertising and promotional spending with CBS Radio, the New York Jets, and Madison Square Garden, from January 1, 2010, through December 31, 2015; or

f. Participation by Alan Kaufman or other MCU officers, directors, or employees in travel or entertainment sponsored by, paid for, or arranged by any MCU vendor, including CBS Radio, the New York Jets, and Madison Square Garden, from January 1, 2010, through December 31, 2015.

**Table 1**

| Entity Name | Loan Number |
|---|---|
| | |
| 44TH ROAD TRANS INC | 60131 |
| ANEPANALYPTOS LLC | 60743 |
| ARHIOJA LLC | 60139 |
| BROOKLYN KNIGHTS TRANS, INC | 60077 |
| FEVGA TRANSPORT INC | 60132 |
| GC FIRE INC | 60075 |
| GLKOPOUTSIS ENTERPRISES INC | 60123 |
| GOMENARA LLC | 61694 |
| JACKSON AVENUE TRANS !NC | 60130 |
| KARIOLA TAXI LLC | 60124 |
| KATAPSIXY INC | 60121 |
| KNUCKLEHEAD LLC | 60503 |
| KOLARALLC | 61682 |
| KRUKMAN LLC | 60079 |
| MALAKAS LLC | 61692 |
| MALAKONDA BEACH INC | 60120 |
| MANGAS TAXI LLC | 60078 |
| MESSAOONIS ENTERPRISES INC | 60134 |
| MORO MOU LLC | 61693 |
| MYKONOS TAXI LLC | 60076 |
| PAPADINOS LLC | 61691 |
| PARTOUZA LLC | 60138 |
| PERISTERI LLC | 60128 |
| PERSEPHONE SERVICE INC | 60135 |
| PITSIRIKOS LLC | 60744 |
| PLAKOTO TRANSPORT INC | 60133 |
| PORTES TRANSPORT INC | 60136 |
| POUTSOPNYXTRA LLC | 61684 |
| SAMSONTRANSPORT LLC | 60140 |
| SKILLA LLC | 62721 |
| SKROFA LLC | 60126 |
| SPASARHIDIS ENTERPRISES INC | 60137 |
| THEOMOUNO l LC | 61681 |
| TSIBOUKIA LLC | 61683 |
| VARIA TRANSPORT INC | 60129 |
| ZILIARA LLC | 60125 |
| ELENITSA SERVICE INC | 60167 |
| ELEON HACKING INC | 60166 |
| ERETERJA BEACH INC | 60127 |
| HAIDARI HACKING INC | 60122 |
| XEKOLIARES LLC | 61680 |

| GREEK GODDESS | 63415 |
| --- | --- |
| KOUTOS LLC | 63665 |
| BLUE HAWAII TRANSPORT LLC | 63217 |
| GIAKAMARE LLC | 63298 |
| MAGGITOS LLC | 63215 |
| FILARAKIA LLC | 59954 |