USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/30/21

RECEIVED
SEP 28 2020
JUDGE KAPLAN'S CHAMBERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

ALAN KAUFMAN,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PRELIMINARY ORDER OF FORFEITURE
AS TO SPECIFIC PROPERTY

19 Cr. 504 (LAK)

        WHEREAS, on or about July 10, 2019, ALAN KAUFMAN, (the "Defendant"), was charged in three counts of a four-count Indictment, 19 Cr. 504 (LAK) (the "Indictment"), with conspiracy to commit bank bribery, in violation of Title 18, United States Code, Section 371 (Count One); and bribery, in violation of Title 18, United States Code, Sections 215(a)(1) and 2 (Counts Two and Four);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One, Two, and Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly, as a result of the offenses charged in Counts One, Two, and Four of the Indictment, including but not limited to (i) a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses Charged in Counts One, Two, and Four of the Indictment and (ii) all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at Section 17, Block 15, Lot 18, 175 High Pond Drive, Jericho, New York, 11753 (the "Specific Property");

        WHEREAS, on or about March 31, 2021, the Defendant was found guilty, following a jury trial, of Counts Two through Four of the Indictment;

WHEREAS, the Government asserts that the Specific Property represents any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Two and Four of the Indictment;

WHEREAS, the Government further seeks the forfeiture of all of the Defendant's right, title and interest in the Specific Property, which represents property that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Two and Four of the Indictment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts Two and Four of the Indictment, to which the Defendant was found guilty, following a trial, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, ALAN KAUFMAN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Preliminary Order of Forfeiture as to Specific Property, ~~the United States (or its designee) is hereby authorized to take possession of the Specific Property~~ *on or after the 60th day following the date of this Order,* and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____
HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

DATE 9/29/21