UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

              -against-                                              19-cr-0504 (LAK)

ALAN KAUFMAN,

                      Defendant.
------------------------------------------------x

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:**
**DATE FILED:** 10/27/21

## MEMORANDUM AND ORDER
## ON MOTION FOR BAIL PENDING APPEAL

LEWIS A. KAPLAN, *District Judge.*

        Defendant was convicted of two counts of corrupt acceptance of gratuities in violation of 18 U.S.C. § 215(a)(2) and sentenced principally to concurrent terms of imprisonment of 46 months. His motion for a judgment of acquittal or a new trial was denied. *United States v. Kaufman*, 19-cr-0504 (LAK), 2021 WL 4084523 (S.D.N.Y. Sept. 8, 2021). He now moves for bail pending appeal.

        The relevant statute, 18 U.S.C. § 3143, provides that a person sentenced to a term of imprisonment who has filed an appeal shall be detained unless the Court finds:

> "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and
>
> "(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–
>
>     (i) reversal,
>
>     (ii) an order for a new trial,

> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1).

A question is substantial for this purpose if it "is either novel, [*i.e.*,] has not been decided by controlling precedent, or . . . is fairly doubtful. . . . [A] substantial question is one of more substance than would be necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the other way." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985) (internal quotation marks and citations omitted).

As an initial matter, the Court finds that defendant is not likely to flee or pose a danger to the safety of any other person or the community if released and that the appeal is not for purpose of delay. But that is only the start of the analysis. On Count 4, there is only one substantial question of law, i.e., whether the evidence was sufficient to prove that the CBS Radio trips fell outside the Section 215 safe harbor provision.[1] However, the statute, 18 U.S.C. § 3143, commands that the presence of a substantial question suffices only if a decision on that question in a defendant's favor would be likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeals process. Critically, the substantial question must achieve such a result for "all counts on which imprisonment has been imposed." *Randell*, 761 F.2d at 125. A determination of the "safe harbor" question in defendant's favor would not affect all counts of conviction. So the Court looks to the other proposed appellate

---

[1] The Court regards defendant's other Count 4 argument, which relates to the Court's response to a jury note, as entirely without merit and having no prospect of success.

questions.

Defendant's application points to three proposed appellate issues relevant to Count 2, two others relevant to Count 4, and a contention that the sentence on Count 4 would be substantively unreasonable if there were a reversal on Count 2.[2] Dkt. 258.

The sentencing argument, even if defendant prevailed on it, would not result in reversal or a new trial. It would result only in resentencing, and the Court made abundantly clear at sentencing that it would have imposed the same sentence of 46 months of imprisonment even if defendant had been convicted only of either, rather than both, of the two counts of conviction and regardless of the applicability of the fraud-loss table on Count 2.[3] The defendant's sentencing argument is insubstantial and not at all likely to reduce his sentence to a term of imprisonment less than the expected duration of the appeals process.

So the issue comes down to whether any of the three arguments with respect to the Count 2 conviction rises to a level of merit sufficient to warrant a conclusion that defendant is "likely to prevail," within the specialized meaning of that term as it is used in Section 3143, *both* on the safe harbor argument with respect to Count 4 *and* at least one of the arguments with respect

---

[2] The argument heading in his application suggests that he claims also that the sentence on Count 4 would have been procedurally flawed. The Court, however, does not understand defendant's text as raising any procedural issue.

[3] Defendant writes in a footnote that the Court did not state at sentencing that it would have applied the abuse-of-trust enhancement on Count 4 even if the fraud-table enhancement did not apply to the Guidelines calculation on Count 2. Dkt. 258, at 10 n.13. Assuming *arguendo* that his statement is factually correct, there is no doubt that the Court would have done so on Count 4 even if it had stood alone. Defendant's actions in defying Melrose Credit Union's written policies prohibiting acceptance of the lavish trips he received and, in at least one instance, demanded as rewards for steering Melrose advertising dollars to CBS Radio were a gross abuse of trust.

4

to Count 2. That is so because prevailing on both would be necessary in order to show that appellate success on two or more "substantial" questions would result either in a reversal or a new trial on both counts as to which a term of imprisonment was imposed, which is a prerequisite to bail pending appeal.

In the last analysis, this Court seriously doubts that Kaufman satisfies the statutory standard. The Court rejected his Count 2 evidentiary argument on two independent grounds, review of either of which will be on an abuse of discretion standard. That contention seems to be a long shot rather than presenting a "novel," "fairly doubtful," or "close" question. The venue and constructive amendment - prejudicial variance argument does not appear to be strong either. And all of this is compounded by the fact that Kaufman must prevail both on his Count 4 safe harbor argument and at least one of these three rather doubtful Count 2 contentions to come within the statute.

As the Circuit has made clear in cases dealing with the inevitable discovery doctrine in the search and seizure context, in assessing the likelihood of a particular result that is dependent upon a resolution in favor of the proponent of each of a number of independent contingencies, a court must "examine *each of the contingencies* that would have . . . to . . . be[] resolved favorably to the [proponent] in order for the [overall result to occur] and to assess the probability of that" occurring. *United States v. Heath,* 455 F.3d 52, 60 (2d Cir. 2006) (quoting *United States v. Lavan,* 10 F. Supp. 2d 377, 389 (S.D.N.Y. 1998)); *see also United States v. Stokes,* 733 F.3d 438, 444-48 (2d Cir. 2013); *United States v. Cabassa,* 62 F.3d 470, 473-74 (2d Cir. 1995). To illustrate the point here, let us assume that Kaufman has a 20 percent chance of prevailing on each of his three Count 2 contentions. On that assumption, he would have an aggregate chance of obtaining a reversal or

a new trial on Count 2 of 60 percent because he would need to prevail on only one of those issues to achieve that result. But if his prospects for success on Count 4, the safe harbor argument, were 50-50, his overall probability of obtaining a reversal or a new trial on both counts of conviction would be only 30 percent. So, if we really could assign numerical values to probabilities here, and if the figures in this illustration were correct, the question would be whether a 30 percent chance of a reversal or new trial on all counts of conviction on which imprisonment was imposed would be "likely" within the meaning of the statute.

Of course, we are not engaged in a task that lends itself to such precise quantitative analysis. The ultimate question is whether the Court thinks that the issues on appeal are sufficiently meritorious that the question whether Kaufman will obtain a reversal or new trial on both counts is close or could go either way or whether instead it is doubtful. I am inclined to think it is doubtful that Kaufman will succeed on either count, let alone both. Nevertheless, it is not impossible. Kaufman is not a flight risk or, pending appeal, a danger to the community. Most of the questions he proposes to raise are not frivolous. So I will give him the benefit of the doubt.

The motion for bail pending appeal is granted on the same terms and conditions heretofore in place with the additional condition that a fourth financially responsible person satisfactory to the government sign the personal recognizance bond on or before November 9, 2021.

SO ORDERED.

Dated: October 26, 2021

/s/ Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge