UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

UNITED STATES OF AMERICA,



-against-

19-cr-0504 (LAK)

ALAN KAUFMAN,

Defendant.

------------------------------------------x

# ORDER

LEWIS A. KAPLAN, *District Judge.*

  Before the Court is defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).[1]

  On March 31, 2021, a jury convicted defendant of two substantive counts of accepting gratuities in connection with the business of a financial institution in violation of 18 U.S.C. § 215.[2] On September 29, 2021, this Court sentenced defendant principally to concurrent terms of imprisonment of 46 months.[3] On March 11, 2024, defendant moved for a reduction of sentence.

  Defendant contends that he is eligible for a sentence reduction under Amendment 821 to the Sentencing Guidelines. Specifically, he seeks a two-level offense level decrease pursuant to Section 4C1.1. Section 4C1.1 provides for a two-level downward adjustment in offense level for

---

[1] Dkt 321.

[2] Dkt 219.

[3] Dkt 255.

certain offenders with zero criminal history points. According to defendant, his original offense level should be reduced from 30 to 28 and his original Guidelines range should be reduced from 97-121 months to 78-97 months.[4]

Defendant is ineligible for a sentence reduction under Amendment 821. Under the Guidelines, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). In this case, defendant's original sentence of 46 months is less than the bottom of the amended Guidelines range averred in defendant's motion. Defendant is thus ineligible for a sentence reduction.

Even if defendant were eligible for a sentence reduction, the Court would deny the motion. Defendant's offense conduct was very serious. It undermined the integrity of the banking system and breached defendant's fiduciary duty to the credit union for which he served as Chief Executive Officer and Treasurer. Further, the sentence imposed is appropriate as a general deterrent and to promote respect for the rule of law.

Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is denied.

SO ORDERED.

Dated:     March 12, 2024

_____
Lewis A. Kaplan
United States District Judge

---

[4] Dkt 321 at 3.