USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/15/24

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK
### FOLEY SQUARE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 1:19-CR-00504-LAK-1 |
| v.  ) | |
| ) | |
| ALAN KAUFMAN ) | |

## MOTION FOR RECONSIDERATION

Mr. ALAN KAUFMAN, by and through undersigned counsel, respectfully moves this Court for reconsideration of its Order (ECF No. 322) denying his Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines ("Mot. for Sentence Reduction," ECF No. 321) and submits the following in support thereof:

### I. INTRODUCTION

On March 11, 2024, Mr. Kaufman moved for a sentence reduction on grounds that Amendment 821 to the United States Sentencing Guidelines provides that "Zero Point" offenders receive a two-point reduction from their Total Offense Level if they met certain criteria. *See* U.S.S.G. App. C., amend. 821(b); U.S.S.G. § 4C1.1. Since Mr. Kaufman has zero criminal history points, he qualifies as a "Zero Point" offender and therefore moves for a sentence reduction. (Mot. for Sentence Reduction, ECF No. 321.) Notably, while the Motion only refers to the Guidelines range of 97-121 months as calculated in

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 00504 (LAK)
DATE FILED: 5/15/24

<u>Memorandum Endorsement</u>         United States v. Alan Kaufman, 09-cr-00504 (LAK)

Defendant moves (Dkt 323) for reconsideration of this Court's order (Dkt 322) denying his motion (Dkt 321) for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. For the reasons explained below, the motion is denied.

In his original Section 3582(c)(2) motion, defendant argued that he was eligible for a two-level offense level decrease under Amendment 821, which would reduce his Guidelines range from 97-121 months' imprisonment to a "new Recommended Guideline Range of 78-97 months." (Dkt 321 at 3) The Court denied defendant's motion for two reasons. First, it found that he was ineligible for a sentence reduction. It noted that, under the Guidelines, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). It explained that defendant was ineligible for a reduction because his sentence of 46 months' imprisonment was "less than the bottom of the amended Guidelines range [of 78-97 months] averred in defendant's motion." (Dkt 322 at 2) Second, the Court held that even if defendant were eligible, a sentence reduction would not be appropriate because of the seriousness of the offense conduct and the need for general deterrence, among other considerations.

In his motion for reconsideration, defendant argues that the Court's determination was based on erroneous original and amended Guidelines ranges. Specifically, he contends that his original Guidelines range was 46-57 months and that his amended range would be 37-46 months. (Dkt 323 at 3, 5) Thus, defendant argues, he is eligible for a sentence reduction because his 46-month sentence was not less than the bottom of the 'corrected' amended range. While the sentencing transcript provides *limited* support for defendant's new claims regarding the original and amended Guidelines ranges (Dkt 259 at 21:2), it makes no difference to the Court's ultimate determination.

As the Court explained in its order denying defendant's original motion, a sentence reduction would be inappropriate even if defendant were eligible under Amendment 821 in light of the seriousness of defendant's offense conduct and the need for appropriate deterrence.

Accordingly, defendant's motion for reconsideration (Dkt 323) is denied.

SO ORDERED.

Dated:    May 15, 2024

Lewis A. Kaplan
United States District Judge