IN THE UNITED STATES DISTRICT COURT  
FOR THE SOUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**

UNITED STATES OF AMERICA

v.

ALAN KAUFMAN *ET AL.*

No. 1:19-CR-504-LAK-1

MOTION FOR RELEASE
PENDING APPAEL

## MOTION FOR RELEASE PENDING APPEAL

Mr. ALAN KAUFMAN, pursuant to 18 U.S.C. § 3143(b), respectfully moves this Court to grant his release on bond pending appeal of his convictions and sentence.

### I. Relevant Procedural History

On July 10, 2019, a federal grand jury indicted Mr. Kaufman on one count of conspiracy to commit bank bribery in violation of 18 U.S.C. § 371 (Count One) and two counts of bank bribery/gratuities in violation of 18 U.S.C. § 215(a)(2) (Counts Two and Four). (Indict., ECF No. 1.)

On July 11, 2019, Mr. Kaufman was released on a $500,000 bond. (Appear. Bond, ECF No. 9.)

Following a jury trial on March 31, 2021, Mr. Kaufman was acquitted of Count One but convicted of Counts Two and Four. (Verdict, ECF No. 219.) The district court sentenced Mr. Kaufman to forty-six months imprisonment, two years on supervised release, a restitution of $2,000,000.00, and a fine of $30,000.00. (Amend. J., ECF No. 266.)

Copy mailed by 1st Class Mail to
Murdock Walker II, Esq.
101 Marietta St., NW, Ste. 3650
Atlanta, GA 30303

1

Memorandum Endorsement                           United States v. Kaufman, 19-cr-0504 (LAK)

    Defendant was convicted after trial of two counts of corruptly accepting gratuities as an officer of a financial institution in violation of 18 U.S.C. § 215(a)(2). The conviction was affirmed on appeal, *United States v. Kaufman,* No.21-2589 (2d Cir. Feb. 10, 2023), following which Kaufman moved for a new trial. That motion was denied on July 12, 2023 in a written order. Dkt 306. Defendant appealed the denial of the motion for a new trial. His motion for bail pending appeal was denied by this Court on August 8, 2023 on the ground that the appeal presented "no substantial question." Dkt. 312. Now pending before the Court of Appeals are his appeals from the denial of the motions for a new trial and for bail pending appeal, Nos. 23-6807(L), 23-6950 (Con)., neither of which yet has been calendared for argument.

    On November 12, 2024, defendant filed in this Court another motion for bail pending appeal.

    Before a district court may grant bail pending appeal, it must conclude, among other things, that the appeal raises "a substantial question of law or fact likely to result in" reversal or an order for a new trial on all counts on which imprisonment was imposed. 18 U.S.C. § 3143(b)(1)(B)(i)-(ii). "[T[he phrase 'likely to result in reversal or an order for a new trial' cannot reasonably be construed to require the district court to predict the probability of reversal . . . Instead, the language must be read as going to the significance of the substantial issue to the ultimate disposition of the appeal." *United States v. Randell,* 761 F.2d 122, 124 (2d Cir. 1985) (quoting *United States v. Miller,* 753 F.2d 19, 23 (3d Cir. 1985)).

    This Court has had the benefit of the principal briefs of both parties in the Court of Appeals. Notwithstanding the low threshold necessary to conclude that an issue is "substantial" for purposes of bail pending appeal, defendant plainly has raised no substantial issue as to the denial of the motion for a new trial insofar as it rested on the Court's view that he had not identified any "newly discovered evidence" with respect to venue nor any substantial issue as to whether the purportedly newly discovered evidence would have altered the outcome of the trial. Thus, there is no substance to his venue issue. Turning to his *Snyder* issue, he plainly has waived his challenge to the gratuity theory by failing to raise it during the initial prosecution or on direct appeal and forfeited that challenge by failing to raise it in this Court. Accordingly, even assuming *arguendo* that the question whether Section 215 applies to gratuities were a substantial question, there would be no substantial question as to whether the failure of this Court to apply defendant's view in the absence of his having raised the issue was plain error. Finally, there is no substantial question as to whether this Court's denial of his 2023 application for bail pending appeal was erroneous.

    In all the circumstances, the motion for release on bail pending appeal (Dkt 327) is denied.

    SO ORDERED.

Dated:   December 18, 2024

                           Lewis A. Kaplan
                          United States District Judge